CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2016

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM DARRICK TOGHILL, )<br>    Petitioner, ) | Civil Action No. 7:15-cv-00119 | |
| ) | | |
| v.                                    ) | ORDER | |
| ) | | |
| HAROLD W. CLARKE, )<br>    Respondent. ) | By:   Hon. Michael F. Urbanski<br>       United States District Judge | |

Adam Darrick Toghill, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Respondent filed a motion to dismiss. Presently before the court is Petitioner's motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). Petitioner asks the court to order his immediate release from the imprisonment ordered by a state court.

Federal Rule of Civil Procedure 65 may be applied to a § 2254 habeas petition only to the extent it is not inconsistent with any statutory provision or the Federal Rules Governing Section 2254 Cases. R. Governing § 2254 Cases 12. It would be inconsistent with § 2254 and the Rules Governing Section 2254 Cases to invalidate a state court's criminal judgment via Rule 65 by ordering Petitioner's release before adjudication his habeas petition. Compare Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), with DA's Office v. Osborne, 557 U.S. 52, 76-77 (2009) (Alito, J.) (concurring) ("We have long recognized the principles of federalism and comity at stake when state prisoners attempt to use the federal courts to attack their final convictions." (citing cases)); see, e.g., 28 U.S.C. §§ 2244, 2254; Harrington v. Richter, 562 U.S. 86, 100 (2011); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Gray v. Netherland, 518 U.S. 152, 161 (1996); Coleman v. Thompson, 501 U.S. 722, 750 (1991). Accordingly, Petitioner's motion for a preliminary injunction is **DENIED**.

To the extent Petitioner's request could be construed as a motion for release on bail pending the adjudication of his petition, the request is denied because Petitioner fails to establish both substantial constitutional claims on which he has a high probability of success and exceptional circumstances making a grant of bail necessary for a habeas remedy to be effective. See, e.g., United States v. Eliely, 276 F. App'x 270, 270 (4th Cir. 2008) (citing Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993) (applying the standard to a state prisoner), and Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (applying the standard to a military prisoner)).

The Clerk shall send copies of this Order to the parties.

It is so **ORDERED**.

ENTER: This 4R day of January, 2016.

/s/ Michael F. Urbanski
United States District Judge