CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 3 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM DARRICK TOGHILL, | ) | Civil Action No. 7:15-cv-00119 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By:   Hon. Michael F. Urbanski |
|     Respondent. | ) |        United States District Judge |

Adam Darrick Toghill, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of electronically soliciting a minor for oral sex, and he argues that the Virginia statute prohibiting oral sex was unconstitutional and that the evidence was insufficient to sustain his conviction. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion to dismiss because the Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

I.

A jury convicted Petitioner of computer solicitation of a minor in violation of former Virginia Code § 18.2-374.3(C)(3). At the time of the offense, Virginia Code § 18.2-374.3(C)(3) prohibited an adult from knowingly and intentionally proposing to a person believed to be under fifteen years of age via a computer network "an act of sexual intercourse or any act constituting an offense" under Virginia Code § 18.2-361. Virginia Code § 18.2-361(A) prohibited any person from voluntarily committing or submitting to sodomy, which included oral sex.

The Court of Appeals of Virginia summarized the evidence against Petitioner as follows:

> As part of his work with the Internet Crimes Against Children Taskforce, Louisa County Deputy Sheriff Patrick Siewert posted an advertisement in the "miscellaneous romance" section of Craigslist with the heading: "suspended, bored and lonely - w4m." The text of the advertisement read:
>
>> hey well i just started on CL earlier this week cuz im suspended from skool and was bored but idk what i am really lookin 4 just sumthin 2 do even tho itz rainin outside so hit me up if u want and maybe we can chat or get together or sumthin k? Becca
>
> Toghill answered the ad, and engaged in an approximately 80-minute email exchange with "Becca" on March 10, 2011. In the course of the email exchange, Siewert identified himself as "Rebecca Flynn," a 13-year-old girl residing in Gum Spring. After Toghill and "Becca" exchanged photos of themselves, Toghill repeatedly expressed his desire to engage in oral sex [(cunnilingus)] with her, questioned her about her sexual experience, and explored potential locations where they could meet. He ruled out meeting at her house because he had "seen those shows before," and suggested the mall. However, Toghill terminated the conversation before a time and place to meet were established.
>
> Siewert identified Toghill from his email address and arranged to meet him at the Richmond Police Department. Toghill, a 32 year old who lives in Richmond, admitted to chatting via email with a 13-year-old girl who was suspended from school. He also admitted to masturbating during the exchange.

Toghill v. Commonwealth, No. 2230-12-2, 2014 WL 545728, at *1 (Va. Ct. App. Feb. 11, 2014) (hereinafter "Toghill I"). The Circuit Court for Louisa County sentenced Petitioner to five years' incarceration, and Petitioner's appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia were unsuccessful. Id.; Toghill v. Commonwealth, 289 Va. 220, 230, 768 S.E.2d 674, 679 (2015) (hereinafter "Toghill II").

Petitioner argues in his timely filed federal habeas petition that (1) his conviction is "void ab initio"[1] because of MacDonald v. Moose, 710 F.3d 154, 166 (4th Cir.), cert. denied, 134 S. Ct. 200 (2013), and (2) that the evidence was insufficient to prove Petitioner solicited oral sex with a

---

[1] "Void ab initio" means "null from the beginning[.]" Stafford v. Crane, 382 F.3d 1175, 1181 (10th Cir. 2004) (quoting Black's Law Dictionary 1098 (8th ed. 2004)).

2

person he believed to be less than fifteen years old.[2] The Supreme Court of Virginia considered and rejected these arguments on direct appeal.[3]

## II.

After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); see id. § 2254(a) (limiting a federal court's grant of habeas relief from a state court judgment only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard and is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011); Williams, 529 U.S. at 412-13.

---

[2] Petitioner did not state any argument in the petition for claim one, and claim one, as stated plainly, is easily resolved: pre-existing precedent from a federal court of appeals does not determine as a matter of law whether a state court holding is "contrary to" or an "unreasonable application of" federal law determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); see, e.g., Williams v. Taylor, 529 U.S. 362, 381-82 (2000) (recognizing lower federal courts cannot "establish" federal law for purposes of § 2254); Lockhart v. Fretwell, 506 U.S. 364, 376 (1993) (Thomas, J. concurring) ("[N]either federal supremacy nor any other principle of federal law requires that a state court's interpretation of federal law give way to a (lower) federal court's interpretation."). Also, the Supreme Court of the United States' denial of a petition for a writ of certiorari for MacDonald v. Moose does not transform the Fourth Circuit Court of Appeals' holding in MacDonald v. Moose into a determination of federal law by the Supreme Court of the United States under 28 U.S.C. § 2254(d)(1). See United States v. Carver, 260 U.S. 482, 490 (1923) ("The denial of a writ of certiorari imports no expression of opinion upon the merits of the case . . . .").

In light of the court's obligation to liberally construe pro se petitions, however, the court interprets claim one to challenge the Supreme Court of Virginia's interpretation and application of Lawrence v. Texas, 539 U.S. 558 (2003), to his conviction. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (discussing liberal construction of pro se pleadings).

[3] For context, the court notes that Lawrence was decided in 2003, Petitioner's criminal act occurred in 2011, his trial occurred in 2012, the Fourth Circuit Court of Appeals published MacDonald v. Moose on March 12, 2013, and Petitioner's direct appeals concluded thereafter. Former Virginia Code § 18.2-361(A), the predicate sodomy statute under which Petitioner was convicted, was partly repealed after MacDonald v. Moose, and the statute's current form outlaws bestiality only and no longer prohibits oral sex. See 2014 Va. Acts 794; Virginia Code § 18.2-361(A) (2015).

3

A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413.

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is objective, and an unreasonable application means more than just being incorrect or erroneous. Id. at 410-11. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). "A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

### III.
#### A.

The Supreme Court of Virginia did not agree with Petitioner that MacDonald v. Moose, 710 F.3d 154, 156 (4th Cir. 2013), required it to set aside his conviction. MacDonald v. Moose interpreted Lawrence v. Texas, 539 U.S. 558 (2003), and held that a habeas petitioner's state

4

conviction for soliciting sodomy from a seventeen year old female was void because Lawrence made the sodomy provision of Virginia Code § 18.2-361(A) facially unconstitutional.

The Supreme Court of Virginia noted that the Fourth Circuit Court of Appeals' holding in MacDonald v. Moose was not mandatory precedent.[4] Instead of MacDonald v. Moose, the Supreme Court of Virginia relied on Lawrence to determine whether Virginia Code § 18.2-361(A) could be lawfully applied to Petitioner, which in turn resolved whether Petitioner had standing to facially challenge the statute. See, e.g., Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973) (recognizing a person to whom a statute may be constitutionally applied does not have standing to argue that it could be unconstitutionally applied to others in other situations).

In Lawrence, the issue was "whether the petitioners were free as adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." Lawrence, 539 U.S. at 564.

---

[4] Virginia Supreme Court Justice Mims further noted that he believed that MacDonald v. Moose ought not be applied by Virginia courts:

> Although the panel majority [in MacDonald v. Moose] recited the relevant statutory provision, it undertook no ... analysis [under 28 U.S.C. § 2254] of either our opinion deciding the petitioner's direct appeal, McDonald v. Commonwealth, 274 Va. 249, 645 S.E.2d 918 (2007), or Martin v. Ziherl, 269 Va. 35, 607 S.E.2d 367 (2005), on which it was principally grounded. It did not conclude, as [28 U.S.C. § 2254] required, that our decision in either case "was contrary to, or an unreasonable application of" Lawrence v. Texas, 539 U.S. 558 (2003), or any other decision of the Supreme Court of the United States. Consequently, the Fourth Circuit panel majority decided an issue without authority. Fundamental principles of comity and federalism are offended when a federal court's reach exceeds its statutory grasp. Accordingly, I find the Fourth Circuit panel majority's opinion wholly unpersuasive and reject its application in Virginia courts.

Toghill II, 289 Va. at 238, 768 S.E.2d at 683-84 (Mims, J., concurring) (footnote omitted). Justice Mims favorably cited to Fourth Circuit Judge Diaz's dissenting opinion in MacDonald v. Moose, which stated, "The majority ... pass[es] upon the constitutionality of the Virginia anti-sodomy provision as if it were presented in the first instance. In doing so, my colleagues fail to account for the rigor of federal habeas review, which is not intended to be a substitute for ordinary error correction through appeal." MacDonald v. Moose, 710 F.3d at 167 (Diaz, J., dissenting) (internal quotation marks omitted).

5

The challenged sodomy statute from Texas prohibited oral sex with another person of the same sex.[5] Id. at 563.

The Supreme Court of the United States held that the Texas statute violated due process because it regulated private, non-commercial, and consensual sodomy between adults and furthered no legitimate state interest.[6] Id. at 578. The Court reasoned that the Texas statute unreasonably interfered with consenting adults' private interpersonal relationships:

> The laws involved here are, to be sure, statutes that purport to do no more than prohibit a particular sexual act. Their penalties and purposes, though, have more far-reaching consequences, touching upon the most private human conduct, sexual behavior, and in the most private of places, the home. The statutes do seek to control a personal relationship that, whether or not entitled to formal recognition in the law, is within the liberty of persons to choose without being punished as criminals.
>
> This, as a general rule, should counsel against attempts by the State, or a court, to define the meaning of the relationship or to set its boundaries absent injury to a person or abuse of an institution the law protects. It suffices for us to acknowledge that adults may choose to enter upon this relationship in the confines of their homes and their own private lives and still retain their dignity as free persons. When sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring. The liberty protected by the Constitution allows homosexual persons the right to make this choice.

Id. at 567; see Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 851 (1992) (acknowledging a constitutional right to personal decisions involving marriage, procreation, contraception, family relationships, child rearing, and education). Consequently, the Court determined that "[t]he Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." Lawrence, 539 U.S. at 578.

---

[5] Virginia Code § 18.2-361(A) similarly prohibited oral sex but was not limited to same-sex participants.
[6] In doing so, the Court abrogated its prior holding in Bowers v. Hardwick, 478 U.S. 186, 189 (1986), which held that Georgia's similar sodomy statute was constitutional.

6

The Court qualified its decision in Lawrence, noting that the case "does not involve minors[,]" "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused[,]" or "public conduct or prostitution." Id. This qualification was based, in part, on the Court's historical analysis of sodomy prohibitions.

> Laws prohibiting sodomy do not seem to have been enforced against consenting adults acting in private. A substantial number of sodomy prosecutions and convictions for which there are surviving records were for predatory acts against those who could not or did not consent, as in the case of a minor or the victim of an assault. As to these, one purpose for the prohibitions was to ensure there would be no lack of coverage if a predator committed a sexual assault that did not constitute rape as defined by the criminal law . . . . Instead of targeting relations between consenting adults in private, 19th-century sodomy prosecutions typically involved relations between men and minor girls or minor boys, relations between adults involving force, relations between adults implicating disparity in status, or relations between men and animals.

Id. at 567 (internal citation omitted).

The Supreme Court of Virginia relied on this qualification to reject Petitioner's claim, noting, "Lawrence simply does not afford adults with the constitutional right to engage in sodomy with minors[,]" and, "Lawrence did not prevent [Virginia] Code § 18.2-361(A) from being constitutional and enforceable as applied to sodomy between adults and minors." Toghill II, 289 Va. at 230, 768 S.E.2d at 679 (citing McDonald v. Commonwealth, 274 Va. 249, 260, 645 S.E.2d 918, 924 (2007)). The Supreme Court of Virginia concluded that Petitioner did not have standing to facially challenge the constitutionality of Virginia Code § 18.2-361(A) because the statute could be constitutionally applied to his criminal conduct intended against a minor.[7]

---

[7] The Supreme Court of Virginia next analyzed whether it should totally invalidate Virginia Code § 18.2-361(A) due to being unconstitutional only in certain applications, as identified in Lawrence. Based on the analytic framework of Ayotte v. Planned Parenthood, 546 U.S. 320, 328-32 (2006), the Supreme Court of Virginia held that Virginia Code § 18.2-361(A) is invalid to the extent its provisions could apply to private, non-commercial, and consensual sodomy involving only adults, thus conforming the statute's application with Lawrence. Toghill II, 289 Va. at 234, 768 S.E.2d at 681. However, it explicitly noted that Virginia Code § 18.2-361(A) "can continue to

7

> Toghill, an adult, was charged with soliciting oral sex from a person he believed was a minor in violation of Code § 18.2-374.3(C) because oral sex is prohibited by Code § 18.2-361(A), a generally-worded anti-sodomy statute. Because he solicited sodomy with a person whom he thought was a minor, Toghill does not have standing to assert a facial challenge to the anti-sodomy provisions of Code § 18.2-361(A) because enforcement of the sodomy prohibition law is constitutional as applied to him in this instance. There are constitutional applications of Code § 18.2-361(A), and Toghill's facial challenge to the statute therefore fails.

Toghill II, 289 Va. at 231, 768 S.E.2d at 680 (relying on Ulster Cnty. v. Allen, 442 U.S. 140, 154-55 (1979) ("As a general rule, if there is no constitutional defect in the application of the statute to a litigant, [that litigant] does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.")).[8]

The Supreme Court of Virginia's determination that Petitioner's claim under Lawrence was unpersuasive precludes federal habeas relief because "'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Virginia Code § 18.2-374.3(C) criminalized the knowing use of a communications system to solicit certain sexual acts with a person believed to be a minor, and that statute's reference to the sodomy statute is not an attempt by the state to control or punish the liberty interest protected by Lawrence.[9] The intended child

---

regulate other forms of sodomy, such as sodomy involving children, forcible sodomy, prostitution involving sodomy and sodomy in public." Toghill II, 289 Va. at 234, 768 S.E.2d at 681.

Petitioner never presented a claim about Ayotte to the Supreme Court of Virginia on direct appeal or about a contrary or unreasonable application of Ayotte to this court via the petition. Consequently, the court declines to invent and construct those arguments for Petitioner and limits its analysis under § 2254 to the construed question about the application of Lawrence. See, e.g., 28 U.S.C. § 2254(b) (mandating exhaustion); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (noting the exhaustion requirement is satisfied by finding that the essential legal theories and factual allegations advanced in federal court are the same as those advanced at least once to the highest state court (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)).

[8] As noted earlier, the resolution of how Lawrence applies to a conviction also resolves the question of standing. For example, the Fourth Circuit Court of Appeals determined in MacDonald v. Moose that the Supreme Court of Virginia's reliance on Ulster County to affirm MacDonald's conviction was "contrary to and involved an unreasonable application of clearly established federal law" because the Fourth Circuit Court of Appeals concluded that Lawrence invalidated MacDonald's conviction. MacDonald v. Moose, 710 F.3d at 162.

[9] The Supreme Court of Virginia has applied Lawrence to invalidate a different provision of Virginia law

8

victim in this case is a materially distinguishable fact from the adult actors in Lawrence. Petitioner solicited someone he believed to be a thirteen year old girl named "Becca," and the fact that "Becca" was a male police officer does not distort the criminal conduct into the private, non-commercial, and consensual sodomy involving adults that Lawrence identified as needing constitutional protection.

In contrast to the Texas statute voided by Lawrence, "the [Virginia] General Assembly, by enacting [Virginia Code § 18.2-374.3(C)], clearly intended to protect children from people who would take advantage of them before the perpetrator could commit a sexual assault on an actual child." Grafmuller v. Commonwealth, 57 Va. App. 58, 65, 698 S.E.2d 276, 280 (2010) (citing Colbert v. Commonwealth, 47 Va. App. 390, 398-99, 624 S.E.2d 108, 112-13 (2006) (noting that the provisions of Virginia's solicitation statute were to protect children)). Virginia Code § 18.2-374.3(C)(3) in operation with Virginia Code § 18.2-361(A) did not directly and unreasonably interfere with consenting adults' private, non-commercial relationships and did not "seek to control a personal relationship that . . . [wa]s within the liberty of persons to choose without being punished as criminals." Lawrence, 539 U.S. at 567. Thus, the Supreme Court of Virginia did not unreasonably distinguish Lawrence in Toghill II because, as acknowledged in both opinions, the Supreme Court of the United States excluded Lawrence from being the

---

that, in effect, punished consenting adults for engaging in private, non-commercial sodomy. "Virginia follows the general rule that 'a party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act.'" Zysk v. Zysk, 239 Va. 32, 34, 404 S.E.2d 721, 722 (1990) (quoting Miller v. Bennett, 190 Va. 162, 164-65, 56 S.E.2d 217, 218 (1949)). In Zysk, the Supreme Court of Virginia affirmed the lower court's ruling that a woman was precluded from tort recovery because her husband transmitted a sexual infection to her during premarital intercourse, which constituted the then-criminal act of fornication. When the same factual scenario was presented in Martin v. Ziherl, 269 Va. 35, 41, 607 S.E.2d 367, 370 (2005), the Supreme Court of Virginia found "no relevant distinction" between Lawrence and the circumstances in both Zysk and Martin. In accordance with Lawrence, the Martin court invalidated Zysk, holding that an adult cannot be precluded from tort recovery for injuries suffered while participating in consensual, private, non-commercial sexual activity. 269 Va. at 42-43, 607 S.E.2d at 371. However, the Martin court noted its holding "does not affect the Commonwealth's police power regarding regulation of public fornication, prostitution, or other such crimes." 269 Va. at 43, 607 S.E.2d at 371.

9

deciding authority for sodomy statutes involving minors, coercion, prostitution, or public conduct.

In short, the court does not agree with Toghill's contention that the Fourth Circuit's holding in MacDonald v. Moose necessarily renders his conviction unconstitutional. That is because there is a crucial difference between the statutes of conviction in McDonald v. Moose and in Toghill's case. MacDonald was convicted of violating Virginia Code § 18.2-29, making it illegal to criminally solicit another to commit a felony. The predicate felony in that case was the Virginia anti-sodomy statute, Virginia Code § 18.2-361, which the Fourth Circuit found not to survive a facial challenge under Lawrence. Because the underlying statute was deemed facially unconstitutional following Lawrence, the Fourth Circuit held that MacDonald's conviction for soliciting another to commit sodomy could not stand.

In contrast to MacDonald, Toghill was convicted of violating Virginia Code § 18.2-374.3(C), an entirely different statute dealing expressly with children. Virginia Code § 18.2-374.3(C) makes it unlawful for a person 18 years or older to use a computer to solicit, with lascivious intent, a child younger than 15 to engage in sexual intercourse or any act constituting an offense under Virginia Code § 18.2-361. In this manner, Virginia Code § 18.2-374.3(C)— which makes it unlawful to electronically solicit sex from children—only references the anti-sodomy statute, Virginia Code § 18.2-361, in order to delineate which acts may not be the subject of electronic communications with a child under 15. Mere reference to the acts listed in Virginia Code § 18.2-361 does not unconstitutionally taint Toghill's conviction.[10] In short,

---

[10] Indeed, the court sees no constitutional distinction between Virginia Code § 18.2-374(3)(C) as it has been amended and exists at present, expressly prohibiting an adult from electronically soliciting a child to engage in "an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361," from the pre-MacDonald v. Moose version of the statute which prohibited electronic solicitation of a child to engage in "an act of sexual intercourse or any act constituting an offense under § 18.2-361." Merely

10

Toghill was not convicted of violating the anti-sodomy provisions of Virginia Code § 18.2-361; rather, he was convicted of proposing sodomy to a child via electronic means.

As such, Toghill's statute of conviction falls far afield of the Supreme Court's concern in Lawrence that the Texas anti-sodomy statute prohibited private conduct between consenting adults in the privacy of their homes. Toghill's conviction of communicating via a computer with someone he thought was 13 years old for the purposes of proposing oral sex with that child does not share any of the privacy concerns motivating the decision in Lawrence. The Court made clear that Lawrence dealt with the freedom of consenting adults to engage in sexual conduct in their own homes, not with any freedom to engage in sexual conduct directed at minors. See 539 U.S. at 578 (stating that "[t]he present case does not involve minors"). Toghill was not convicted of an anti-sodomy statute worded so broadly as to intrude on the privacy interests of consenting adults. Rather, he was convicted of using a computer to propose sodomy to a child he thought was 13 years old. Nothing about the Supreme Court's recognition of privacy rights exercised by two consenting adults in the privacy of their homes in Lawrence, or the Fourth Circuit's ensuing reasoning in MacDonald v. Moose, can be read to invalidate a Virginia statute enacted to protect children from electronic sexual predators.

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at 102-03 (Stevens, J., concurring) (quoting Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979)). The Supreme Court's of Virginia's adjudication of this

---

referencing § 18.2-361 in § 18.2-374.3(C) does not change the fact that the crime made illegal in § 18.2-374.3(C), and committed by Toghill, is a sex crime directed at children. Lawrence does not hold that such crimes are unconstitutional, and merely referencing the acts of sodomy listed in § 18.2-361 as being prohibited when directed at children in § 18.2-374.3(C) does not render § 18.2-374.3(C) unconstitutional.

11

claim was not contrary to, or an unreasonable application of, Lawrence or based on an unreasonable determination of the facts. Accordingly, Petitioner's first claim must be dismissed.

**B.**

Petitioner next argues that the evidence was insufficient to prove that he committed computer solicitation of a person believed to be a minor.[11] A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson, 443 U.S. at 318-19 (original emphasis).

Petitioner presented this claim on direct appeal to the Supreme Court of Virginia, which affirmed the Court of Appeals of Virginia's denial of the claim after viewing the evidence in the light most favorable to the Commonwealth. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

Petitioner does not present clear and convincing evidence that the Court of Appeals of Virginia's factual findings are unsound, and the court finds that any rational trier of fact could have found Petitioner guilty of computer solicitation of a person believed to be less than fifteen years old for sodomy.[12] See Trial Tr. 83:1-136:25. Petitioner, who was thirty-two years old,

---

[11] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

[12] Under Virginia Code § 18.2-374.3(C)(3), "a defendant is guilty of illegally using a communication system if he contacts 'any person he knows or has reason to believe is a child less than 15 years of age' with lascivious intent for the purpose of soliciting that person's involvement in any of several sexual encounters." Grafmuller, 57 Va. App. at 61, 698 S.E.2d at 278 (quoting Virginia Code § 18.2-374.3(C)); see Podracky v.

12

believed at the onset of his numerous communications that he was emailing "Becca," a thirteen year-old girl, and he tried convince her to engage in cunnilingus for his sexual gratification. Petitioner went so far as to negotiate a place where they could secretly meet to perform cunnilingus without risk of detection. Petitioner's argument that he cannot be guilty of solicitation because he believed a thirteen year-old girl wanted cunnilingus is not persuasive. Accordingly, the court finds that any rational trier of fact could have found Petitioner guilty of the crime, and this claim must be dismissed.

## IV.

For the foregoing reasons, the court grants Respondent's motion to dismiss. Based upon the court's finding that it is possible reasonable jurists would find the court's assessment of the constitutional claims debatable, a certificate of appealability is granted as to whether the Supreme Court of Virginia's adjudication of claim one is contrary to, or an unreasonable application of, Lawrence v. Texas, 539 U.S. 558 (2003), under the analysis required by 28 U.S.C. § 2254, Williams v. Taylor, 529 U.S. 362 (2000), and its progeny. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A certificate of appealability is denied as to any other claim.

---

Commonwealth, 52 Va. App. 130, 141, 662 S.E.2d 81, 87 (2008) (recognizing Virginia Code § 18.2-374.3 does not require solicitation of an actual minor). "Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by . . . . a person's conduct or by his statements." Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)). The Commonwealth must prove that the defendant's statements are "more than the expression of his own desire." Ford v. Commonwealth, 10 Va. App. 224, 228, 391 S.E.2d 603, 605 (1990); see Branche v. Commonwealth, 25 Va. App. 480, 491, 489 S.E.2d 692, 697 (1997) ("Slang expressions, including vernacular for sexual activity, are well known and matters of common knowledge."). A person needs only "attempt . . . to incite another to commit a criminal offense" to be guilty of criminal solicitation. Branche, 25 Va. App. at 490, 489 S.E.2d at 697. "'It is immaterial whether the solicitation has any effect and whether the crime solicited is in fact committed[.]'" Id. (quoting Huffman v. Commonwealth, 222 Va. 823, 827, 284 S.E.2d 837, 840 (1981)). "The act of solicitation may be completed before any attempt is made to commit the solicited crime." Ford, 10 Va. App. at 226, 391 S.E.2d at 604.

13

ENTER: This 22nd day of February, 2016.

/s/ Michael F. Urbanski
United States District Judge